UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bonnie Sneed,<br><br>           Plaintiff,<br><br>v.<br><br>State of Minnesota Department of<br>Employment and Economic Development,<br><br>           Defendant. | Civil No. 17-cv-1201 (JNE/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Defendant State of Minnesota Department of Employment and Economic Development's Motion to Dismiss [Doc. No. 20]. The motion was referred to the undersigned for the issuance of a report and recommendation ("R&R") in an Order of Reference dated October 5, 2018 [Doc. No. 28]. For the reasons set forth below, the Court recommends that the case be dismissed without prejudice on two grounds: (1) for Plaintiff's failure to serve Defendant, pursuant to Federal Rule of Civil Procedure 4(m); and (2) for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

**I.    Background**

Plaintiff Bonnie Sneed is suing the State of Minnesota Department of Employment and Economic Development ("DEED" or "Defendant") for employment discrimination under the Age Discrimination in Employment Act, the Americans with Disabilities Act,

1

the Family Medical Leave Act, and the Minnesota Human Rights Act. (Am. Compl. at 2-3 [Doc. No. 10].)  Plaintiff worked for DEED from January 2016 until her date of termination in March 2017.

Plaintiff commenced this lawsuit in April 2017.  She is representing herself in this matter, but she did not file an application to proceed *in forma pauperis*.  The day after Plaintiff filed the complaint, the Clerk of Court issued a summons, but Plaintiff never served the summons and complaint on the Defendants named in the initial complaint.[1]  Therefore, on September 6, 2017, this Court ordered Plaintiff to (1) file proof of service within ten days, (2) notify Defendants they were required to file an answer to the complaint, (3) file the notice to Defendants on CM/ECF, and (4) if no answer was filed, apply for an entry of default.  (Order at 1-2 [Doc. No. 9].)  Plaintiff did not comply with the order.  Instead, Plaintiff filed an amended complaint [Doc. No. 10] on December 4, 2017, nearly three months later.  The Clerk of Court issued a new summons, but Plaintiff did not diligently file proof of service of the summons and amended complaint.

On June 4, 2018, Plaintiff filed an affidavit of service by Ramsey County Deputy Sheriff Ying Yang, who averred that he had served DEED by leaving a copy of the amended complaint with DEED Customer Service Specialist Pam Kaasa on May 11, 2018.  (Yang Aff. of Service, May 11, 2018 [Doc. No. 12-1].)

On August 20, 2018, the Court issued an order to show cause why the case should

---

[1] Plaintiff named three Minnesota entities—DHS, MT.IT Services, and DEED—as Defendants in the original complaint. Plaintiff omitted the first two entities from the caption of the amended complaint, and those Defendants were terminated as parties to the action.

2

not be dismissed for failure to effect proper service of the amended complaint. [Doc. No. 13.] The Court instructed Plaintiff to (1) file proof of service of the amended complaint within ten days, (2) notify Defendant that it was required to file an answer to the complaint, (3) file the notice to Defendant on CM/ECF, and (4) if no answer was filed, apply for an entry of default. (Order at 1-2 [Doc. No. 13].) On August 31, 2018, Plaintiff filed a new affidavit of service by Deputy Yang, who averred that he had served DEED on August 28, 2018, by leaving a copy of the summons and amended complaint with Customer Service Specialist Pam Kaasa. (Yang Aff. of Service, Aug. 28, 2018 [Doc. No. 14].)

On September 17, 2018, Plaintiff filed a letter with the Court asking that a default judgment be entered against Defendant because Defendant had not filed an answer or otherwise responded to the Amended Complaint. [Doc. No. 16.] The Clerk's Office replied by letter that a default would not be entered because Plaintiff had not complied with the order to show cause; specifically, she had neither notified Defendant that it was required to file an answer or otherwise respond within ten days nor filed the notice on CM/ECF. [Doc. No. 18.]

Defendant filed the motion to dismiss on October 5, 2018. Plaintiff did not respond to the motion, nor did Plaintiff appear at the motion hearing on December 18, 2018. Indeed, Plaintiff has not filed any documents or communicated with the Court since September 25, 2018.

**II.    Service of Process**

Defendant argues that any attempted service of process was ineffective because

3

the summons and complaint were served on a "non-managerial and non-supervisory" DEED employee. (Def.'s Mem. Supp. Mot. Dismiss at 2 [Doc. No. 23]; Michaelson Decl. ¶ 2 [Doc. No. 25].) The Federal Rules of Civil Procedure require a plaintiff to serve a copy of the summons and complaint on a defendant. Fed. R. Civ. P. 4(c)(1). To properly serve a state agency such as DEED, the plaintiff must serve the summons and complaint either on the state's chief executive officer or as permitted by state law. Fed. R. Civ. P. 4(j)(2). Minnesota law provides that service may be effected on the state attorney general, a deputy attorney general, or an assistant attorney general. Minn. R. Civ. P. 4.03(d). Officer Yang's attempt to serve DEED by handing a copy of the summons and complaint to a DEED employee was therefore ineffective.

If a defendant is not served with the summons and complaint in the ninety days after the complaint is filed, Federal Rule of Civil Procedure 4(m) requires dismissal without prejudice. The Court may extend the time for service, however, "if the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). Here, more than ninety days have passed since the filings of the original complaint, and since the filing of the amended complaint. Plaintiff has neither asked for an extension of time to effect proper service nor shown good cause for the failure to properly serve Defendant, despite being put on notice of the defective service when Defendant filed its motion to dismiss on October 5, 2018. Consequently, the Court recommends that Plaintiff's claims against Defendant be dismissed without prejudice pursuant to Rule 4(m).

### III.   Failure to Prosecute

Plaintiff's failure to respond to Defendant's motion to dismiss also supports

4

another basis for dismissal: failure to prosecute under Federal Rule of Civil Procedure 41(b). That Rule provides for involuntary dismissal when a plaintiff fails to prosecute her case, comply with the Federal Rules, or comply with a court order. Fed. R. Civ. P. 41(b). All three grounds are present here. Plaintiff has failed to prosecute her case in that she did not oppose or otherwise respond to Defendant's motion to dismiss, appear at the hearing on the motion, or communicate to the Court any intent to proceed with this action. Plaintiff appears to have abandoned her case. In addition, Plaintiff has not complied with Federal Rule of Civil Procedure 4 by properly serving a copy of the summons and complaint on Defendant. Finally, Plaintiff has not complied with the Court's orders of September 6, 2017 [Doc. No. 9] and August 20, 2018 [Doc. No. 13], both of which warned her that a failure to comply with the orders could result in dismissal for failure to prosecute. Consequently, the Court recommends in the alternative that Plaintiff's claims be dismissed without prejudice under Rule 41(b).

### IV.   Conclusion

Because the Court concludes that Plaintiff's claims should be dismissed without prejudice for insufficient service of process or, in the alternative, for failure to prosecute, the Court does not discuss the other grounds for dismissal presented in Defendant's motion.

Accordingly, based on the above and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the State of Minnesota Department of Employment and Economic Development's Motion to Dismiss [Doc. No. 20] be

5

**GRANTED** and that all of Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.

Dated: January 11, 2019         s/ *Hildy Bowbeer*
                                HILDY BOWBEER
                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  D. Minn. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).